UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMUALDO P. M.,[1]<br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL; IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondents. | No. 1:26-cv-02882-RLP<br><br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGMENT<br><br>**ECF No. 13** |

Before the Court is Petitioner Romualdo P. M.'s Motion to Enforcement Judgment. ECF No. 13. Petitioner argues that an immigration judge conducted a bond hearing pursuant to this Court's order at ECF No. 9, but that Petitioner did not receive adequate notice of the hearing and thus did not have a meaningful opportunity to be heard at the hearing. ECF No. 13. Respondents oppose the motion. ECF No. 16.

Having reviewed the filings and applicable law, the Court grants Petitioner's motion.

BACKGROUND

On April 28, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge. ECF No. 9. On May 11, 2026, that hearing occurred, and the immigration judge denied Petitioner's request for bond. ECF No. 16-2.

At the bond hearing, the immigration judge explained to Petitioner that the government would try to prove two things: Petitioner's danger to the community and risk of flight. ECF No. 16-3 at 6. The judge then noted that the court had not received any evidence from Petitioner, but that Petitioner was allowed to testify.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

*Id.* at 7.

Now, Petitioner asserts he was not provided notice of the hearing and had not received a copy of this Court's order granting the habeas petition. ECF No. 13 at 11–12; ECF No. 16-2 at 4. Accordingly, Petitioner asserts he was unable to prepare for the hearing. ECF No. 13 at 11; ECF No. 18.

Respondents concede that "detention center personnel . . . were unable to personally verify or confirm with certainty whether, or when, the Notice of Hearing" was served on Petitioner, but argue that the lack of notice did not produce prejudicial error. ECF No. 16 at 2. In response, Petitioner argues he was prejudiced by the lack of notice because he was denied bond at the hearing and could have presented evidence supporting his release if he had received prior notice of the hearing. ECF No. 18. Thus, Petitioner asks the Court to order a second bond hearing with sufficient advanced notice to permit Petitioner to meaningfully prepare for the hearing. *Id.*

## LEGAL STANDARD

Due process in immigration proceedings requires notice that is "reasonably calculated to inform [individuals] of the pendency of the proceedings and a meaningful opportunity to appear and to contest the charges." *United States v. Rivera-Valdes*, 157 F.4th 978, 993 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 2696 (2026). The purpose of the notice requirement is to ensure that the person who is to

be heard is "given a meaningful opportunity to present their case." *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976).

Additionally, to establish a due process violation in immigration cases, the individual must also establish prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Jacques v. Blanche*, No. 23-3015, 2026 WL 2543391, at *4 (9th Cir. Aug. 28, 2026).

## ANALYSIS

Petitioner asserts he was not provided notice of the bond hearing before the hearing occurred, and Respondents do not know whether the Notice of Hearing was served on Petitioner. ECF No. 13 at 11–12; ECF No. 16 at 2. Thus, the Court assumes for the purposes of this order that Petitioner did not receive notice of the bond hearing. Without notice of the bond hearing, Petitioner was unable to prepare arguments for the hearing, and therefore, Petitioner was not provided "a meaningful opportunity to present [his] case." *See Mathews*, 424 U.S. at 349.

Having found inadequate notice, Petitioner must also establish prejudice. The immigration judge did not receive any evidence from Petitioner prior to the bond hearing, ECF No. 16-3 at 6, and Petitioner asserts that with adequate notice he "could have prepared and presented evidence concerning his significant family ties in the United States . . . his pending asylum proceedings, and other circumstances bearing directly on dangerousness and flight risk." ECF No. 18 at 4–

5. Petitioner's risks of dangerousness and flight were the issues considered at the bond hearing. ECF No. 16-3 at 6. Because the immigration judge denied Petitioner's request for bond after Petitioner was unable to prepare for the hearing due to lack of notice, "the outcome of the proceeding may have been affected by the alleged violation." *See Jacques*, 2026 WL 2543391, at *4. Therefore, Petitioner was prejudiced by the lack of notice.

Accordingly, **IT IS ORDERED:**

1. Petitioner's Motion to Enforce Judgment, **ECF No. 13**, is **GRANTED**.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a **new individualized bond hearing** before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. **Respondents shall provide Petitioner with adequate prior notice of the bond hearing to permit Petitioner a meaningful opportunity to prepare and present evidence.** In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances

and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this order, provide copies to counsel, and **CLOSE THE FILE**.

DATED September 28, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE